384 A.2d 679 (1978)
In re C. A. B., Appellant.
No. 11980.
District of Columbia Court of Appeals.
Argued January 5, 1978.
Decided March 29, 1978.
David Sadoff, Washington, D. C., for appellant.
Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before GALLAGHER and MACK, Associate Judges, and FAUNTLEROY, Associate Judge, Superior Court of the District of Columbia.[*]
GALLAGHER, Associate Judge:
This is an appeal from an order denying appellant's petition for leave to inspect her adoption records. The trial court determined that an adequate showing had not been made to warrant an unsealing of her adoption records.[1] For reasons which will appear, we will not set forth at any length the factual considerations nor will we at this stage enter into a consideration of the merits in this case. For now, it is sufficient to say it appears from her affidavit that petitioner was adopted when she was three. She is an adult, married and the mother of two children. She says, quite understandably, that not knowing the identity of her natural parents has left her with "an emptiness and confusion about who I am." She goes on to say "I love my adoptive parents, but I feel deprived by not being able to love my natural parents and natural brothers and sisters,[[2]] and not being able to be loved by them. Certainly, if my natural parents or natural brothers and sisters were in any kind of trouble or needed any kind of assistance, I would want to provide it to the best of my ability." She also points out the potential for family health protection gained from knowledge of any inherited diseases. Her adoptive parents are cooperating fully and have encouraged her in her civilized search.
In a Memorandum Opinion the trial court denied the petition without a hearing. The court explored at some length the competing considerations involved and decided against petitioner. In balancing the considerations, and the potential complications, the court took particular note of the "serious precedential implications of this petition."
It is perfectly apparent that bringing about reunions of adoptees with their natural parents involves more than a simple answer to whether the deep and pure instincts of the adoptee should be satisfied if possible. There may at times be social complications and risks to the adoptee and the natural parents. But that should not foreclose inquiry at the outset. It is a matter *680 of common knowledge that due to studies and experiences in the recent decade there is an increasing well of support for opening court files to adoptees so as to aid in their searches for their natural parents. At the same time it is recognized that if this decision is made, it must be done with delicateness and with safeguards in the initial approaches to natural parents.
It is difficult to imagine a more persuasive preliminary showing by an adoptee than we have here. Yet, there has been no hearing in the trial court to afford the necessary evidentiary exploration. We consider the time has come for the courts of this jurisdiction to come to grips with this touching and recurring social question on the merits. At the same time, it should be kept in the forefront that we have before us an adult, married adoptee, which bespeaks maturity. The same request by a minor would pose different considerations.
We conclude this proceeding should be remanded to the trial court for decision after a searching exploration that will come from a full evidentiary hearing. In the process, we commend to the trial court's consideration the thoughtful opinion in Mills v. Atlantic City Department of Vital Statistics, 148 N.J.Super. 302, 372 A.2d 646 (Ch.Div.1977). There will be found allusion to some practical difficulties which must be dealt with sensitively in seeking to effect a reunion.
Remanded for further proceedings.
NOTES
[*] Sitting by designation pursuant to D.C.Code 1973, § 11-707(a).
[1] D.C.Code 1973, § 16-311.
[2] There is strong indication that she has full brothers and sisters.